U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JAN 14 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SUBMERSIBLE SYSTEMS, INC. | CIVIL ACTION 14-513 |
| VERSUS | JUDGE HAIK |
| TOKIO MARINE EUROPE INSURANCE LTD. | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion to Dismiss or, in the Alternative, to Compel Arbitration. Upon a full review of the record and all applicable law, the Motion is **GRANTED** to the following extent:

The parties are hereby **ORDERED** to submit all claims to arbitration in accordance with the terms of the policy. Submersible Systems, Inc., a domestic corporation with its principal place of business in Patterson, Louisiana, obtained a policy of insurance from Tokio Marine Europe Insurance, Ltd. The insurance policy entered into by the parties contains the following arbitration language:

> All differences arising out of this Policy shall be referred to the decision of a sole arbitrator who is to be appointed in writing by the parties. If the parties cannot agree to a single arbitrator then the matter to be referred to the decision of two arbitrators one to be appointed in writing by each of the parties within one calendar month after having been required in writing to do so by either of the parties. The arbitrator so appointed being able to appoint an umpire if they feel appropriate. Any umpire so appointed shall sit with the arbitrators and preside at their meetings. The making of an arbitration award shall be a condition precedent to any right of action against Underwriters. The seat of arbitration shall be London and the arbitrators to be experienced in shipping matters. (Insurance Policy, attached as Defendant's Exhibit A, Page 9)

The Policy also contains a Choice of Law and Jurisdiction clause, which states:

> It is hereby understood and agreed that this Policy shall be governed by English law and subject to the Arbitration Clause in the Policy, the English Courts shall have exclusive jurisdiction in relation to any dispute arising under this Policy.
> (Insurance Policy, attached as Defendant's Exhibit A, Page 10 and Policy Schedule)

Tokio Marine argued that all claims alleged in the suit arise out of the policy and are covered by the broad language of the arbitration clause contained in the policy. Tokio further asserts that the arbitration agreement must be enforced under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2571, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (1970).

Submersible Systems opposed the motion to dismiss or arbitrate arguing it has separate and distinct causes of action against Tokio Marine. Submersible agrees that it *may* have agreed to arbitrate the contractual claims arising from Tokio Marine's alleged refusal to honor the all-risks insurance policy covering the lost ROVs. However, Submersible argues it did not agree to arbitrate non-contractual, statutory, claims arising from Tokio Marine's alleged violation of the Louisiana Insurance Code that impose a duty of good faith and fair dealing on insurers doing business in the state. The plaintiff further argues the McCarran-Ferguson Act operates to reverse preempt contrary federal law, including the Convention Act.

In a timely filed reply memorandum, Tokio Marine correctly notes that the Fifth Circuit has spoken clearly on the issue of the McCarran-Ferguson Act's affect on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, stating:

> Here, the texts of the Convention, the Convention Act, and the McCarran–Ferguson Act support the conclusion that the McCarran–Ferguson Act does not authorize Louisiana to reverse-preempt the Convention by means of contrary legislation prohibiting arbitration of disputes regarding contracts of

insurance.

(*Safety National Casualty Corporation v. Certain Underwriters at Lloyd's London*, 587 F.3d. 714, 5th Circuit, 2009)

The Court further noted that its decision is "bolstered by the congressionally sanctioned national policy favoring arbitration of international commercial agreements." *Id.* at 730.

Based on the foregoing, this Court finds the McCarran-Ferguson Act does not authorize reverse preemption of the Convention or Convention Act. Further, the broad language of the policy itself encompasses "all differences arising out of" the policy. All of the claims asserted by Submersible Systems arise out of its differences or disputes with Tokio Marine stemming from contractual relationship between the parties as set forth in the policy. Without the policy of insurance between the parties, no disputes or differences would exist.

In *Complaint of Hornbeck Offshore (1984) Corp*, 981 F.2d. 752 (5th Cir. 1993), the Fifth Circuit has clearly held:

> If the clause is broad, the action should be stayed and the arbitrators permitted to decide whether the dispute falls within the clause. (Citing *Sedco v. Petroleos Mexicanos Mexican Nat'l Oil*, 767 F.2d. 1140, 1145 n. 10 (5th Cir. 1985), which quoted *Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d. 59, 64 (2 Cir. 1983).

In that same matter, the Court stated that "arbitration clauses containing the 'any dispute' language", such as the one presently before this Court, are of the broad type.

Based on the foregoing, it is held that all claims asserted by Submersible Systems Inc. against Tokio Marine Europe Insurance, Ltd. are hereby referred to arbitration in accordance with the terms of the contract entered into by both parties.

It is **FURTHER ORDERED** that the Clerk of Court administratively terminate this action in his records, without prejudice to the right of the parties to file a motion to reopen the proceedings within thirty (30) days of the Arbitrator's decision, or within thirty (30) days of this Order if arbitration has already been completed, should such action become necessary. This Order shall not be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate such motion as if this order had not been entered;

It is **FURTHER ORDERED** that, within ten (10) days of this date or the conclusion of arbitration, whichever is later, the parties are to jointly notify the Court of the Arbitrator's decision;

Finally, it is **ORDERED** that the parties are to submit a Final Judgment to the Court confirming the Arbitrator's award within thirty (30) days of the Arbitrator's decision, or thirty (30) days of this date if arbitration has been completed, should no further action be required by this Court.

THUS DONE and SIGNED on this 12th day of January, 2015.

RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA